IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHNATHAN THOMAS MATTHEWS, JR.,   *
               Petitioner,
v.   *  CIVIL ACTION NO. PJM-14-3222

FRANK B. BISHOP, JR., *et al*.   *
               Respondents.
                         *****

## **MEMORANDUM OPINION**

### Case History

On October 14, 2014, the Court received a self-represented 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus relief, dated October 6, 2014, raising a direct attack on Johnathan Matthews' convictions in the Circuit Court for Charles County, Maryland. Matthews raised the following claims: (1) his sentence of life without the possibility of parole imposed while he was a juvenile violates the Eighth Amendment's prohibition against cruel and unusual punishment; (2) he was not present when the jurors sent several notes to the court during jury deliberations; (3) counsel provided ineffective assistance; and (4) the cumulative effect of trial, post-conviction and appellate counsels' errors established ineffective assistance. ECF No. 1-1. On December 4, 2014, Respondents provided a court-ordered response, arguing that the Petition should be dismissed as successive. ECF No. 3. Matthews filed a self-represented Reply. ECF No. 4.

On January 5, 2015, counsel entered an appearance on behalf of Matthews. Soon after the Court began to receive, and grant, counsel's Motions for Extension of Time to file a supplement to Matthews' self-represented Reply. The majority of the requests were filed with the consent of Respondents. *See* ECF Nos. 8-15 & 17-24. The extensions covered a two-year period from March of 2015.

The most recent consent Motion for Extension of Time was granted to September 14, 2017. Counsel did not file a Supplemental Reply, nor did he seek further extensions.[1] On December 15, 2017, counsel was directed to show cause why the Petition for habeas corpus should not be ruled upon as currently pleaded and was cautioned that the Court would rule on the Petition and current briefing if no response was received. ECF No. 25. To date, no response has been filed by counsel.

## Background and Procedural History

On May 26, 1994, Matthews was convicted of murder, robbery with a deadly weapon, and related charges in the Circuit Court for Charles County. He had just turned seventeen. Matthews' direct appeal concluded in 1995. *See Matthews v. Corcoran, et al.*, Civil Action No. PJM-99-23 (D. Md.) at Paper No. 1. On March 3, 1997, he filed a state post-conviction petition, which was concluded on October 15, 1998.

Matthews filed a 28 U.S.C. § 2254 challenge to his 1994 conviction in this court on December 27, 1998. *Id.* That Petition was denied as time-barred on February 25, 2000. Matthews did not appeal that decision and does not refute the fact that he submitted this earlier filing.

## Analysis

Matthews may only file a second or successive habeas corpus petition if he has first moved the appropriate circuit court for an order authorizing the district court to consider his application. *See* 28 U.S.C. § 2244(b)(3); *Felker v. Turpin*, 83 F.3d 1303, 1305-07 (11th Cir. 1996). Matthews' first § 2254 application was dismissed on the merits. *See In re: Rains*, 659

---

[1] In October of 2017, Court personnel contacted counsel in an effort to remind him of his non-compliance and to clarify what action would be forthcoming.

F.3d 1274 (10th Cir. 2011); *McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009); *Villanueva v. United States*, 346 F.3d 55, 61 (2d Cir. 2003) (petition that is properly dismissed as time-barred constitutes an adjudication on the merits for successiveness purposes).  The Petition is successive and this Court may not consider it until the Fourth Circuit enters an order authorizing this court to do so.[2]  *See* 28 U.S.C. § 2244(b)(3)(A); *see also In re Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997).  Because it does not appear that Matthews has complied with this "gatekeeper" provision, the pending application for habeas corpus relief must be dismissed pursuant to 28 U.S.C. § 2244(b)(3).

The United States Court of Appeals for the Fourth Circuit has set forth instructions for the filing of a "motion" to obtain the aforementioned authorization Order.  The procedural requirements and deadlines for filing the "motion" are extensive.  Consequently, this Court has attached hereto a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should Matthews wish to seek authorization to file a successive petition.  It is to be emphasized that Matthews must file the "motion" with the Fourth Circuit and obtain authorization to file his successive petition before this court may examine his claims.

**Certificate of Appealability**

When, as here, a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability ("COA") will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the

---

[2] The Court has examined the Public Access to Court Electronic Records (PACER) database and finds no evidence that Matthews has sought authorization to file a second § 2254 petition with the United States Court of Appeals for the Fourth Circuit.

district court was correct in its procedural ruling.'" *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  A litigant seeking a COA must demonstrate that a procedural ruling barring relief is itself debatable among jurists of reason; otherwise, the appeal would not "deserve encouragement to proceed further." *Buck v. Davis*, 137 S. Ct. 759, 777 (2017).  Denial of a COA does not preclude a petitioner from seeking permission to file a successive petition or from pursuing his claims upon receiving such permission.  Because Matthews has not made a substantial showing of the denial of his constitutional rights, this Court will not issue a COA.

Date: January 11, 2018	_____/s/_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE